Filed 1/25/23  P. v. Nicholas CA3
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091668 |
| Plaintiff and Respondent, | (Super. Ct. No. 97F03179) |
| v. | OPINION ON TRANSFER |
| JOSEPH ELDRIDGE NICHOLAS, | |
| Defendant and Appellant. | |

Defendant Joseph Eldridge Nicholas appealed from a post judgment order denying his petition for resentencing on his murder convictions under former section 1170.95.[1]  In an unpublished opinion, we affirmed that decision, holding the felony-murder special-

---

[1] Effective June 30, 2022, section 1170.95 was renumbered as section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  When applicable, we will refer to the section by its new numbering.

1

circumstance findings against defendant rendered him ineligible for relief as a matter of law.

On April 27, 2022, our Supreme Court granted review of the matter, and on November 30, 2022, transferred the matter back to us with directions to vacate our previous decision and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). On December 1, 2022, we ordered our opinion vacated.

In supplemental briefing, defendant relies on *Strong* to argue the jury's true finding on the felony-murder special-circumstance allegation rendered prior to the opinions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, does not render him ineligible for relief under section 1172.6. He seeks remand to allow the trial court to consider whether a prima facie case can be established on the record of conviction. The People concede remand is warranted.

Having reconsidered the issue, we accept the People's concession; we will reverse and remand the matter accordingly.

## I. BACKGROUND

On October 2, 1998, a jury found defendant and his co-defendant guilty on two counts of first degree murder and one count of attempted first degree robbery. (*People v. Nicholas et al.* (Sept. 21, 2000, C031099) [nonpub. opn.].) The jury also found true special-circumstance allegations that the murders were committed during the commission of the attempted robbery and multiple murders were committed, as well as allegations that defendant used a deadly weapon to commit the offenses. (*Ibid.*) The trial court sentenced defendant to consecutive life terms without the possibility of parole, plus 18 years. On appeal, we struck a five-year enhancement and affirmed the judgment as modified. (*Ibid.*)

On March 25, 2019, defendant filed a petition for resentencing of his murder convictions pursuant to former section 1170.95. The court appointed counsel, the People responded to the petition, and defendant filed a reply. After briefing, the court denied the

petition finding defendant was ineligible for relief under former section 1170.95 based on the jury's felony-murder special-circumstance findings and the evidence supporting the findings of premeditation and deliberation. Thus, no order to show cause issued.

## II. DISCUSSION

### A. *Senate Bill No. 1437*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, revised the felony-murder rule in California "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended the definition of malice in section 188, revised the definition of the degrees of murder to address felony-murder liability in section 189, and added what is now section 1172.6, "which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions." (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417, citing Stats. 2018, ch. 1015, §§ 2-4.)

Section 1172.6, subdivision (a) states that a person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court for resentencing "when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder. [¶] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

3

Section 1172.6, subdivision (b) requires the petitioner to submit a declaration that avers eligibility for relief under the statute (based on the requirements of subdivision (a)) and states the superior court case number, the year of conviction, and whether the petitioner requests appointment of counsel. (§ 1172.6, subd. (b).) Section 1172.6, subdivision (c), which dictates how the court must handle the petition, reads: "Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for good cause. After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."

Section 1172.6, subdivision (d) provides that a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner as needed should be held within 60 days after the order to show cause; and the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing.

B.      *Prima Facie Showing*

On transfer from the Supreme Court, defendant maintains the trial court erred in relying on the jury's felony-murder special-circumstance finding to determine he was precluded from relief under section 1172.6. He seeks remand for the trial court to consider whether he has made a prima facie showing under section 1172.6, subdivision (c). Following the Supreme Court's recent opinion in *Strong, supra*, 13 Cal.5th 698, the People concede that remand is warranted; we accept their concession.

4

As relevant here, section 190.2, subdivision (d) provides that for the purposes of the special-circumstance allegations based on the enumerated felonies in paragraph (17) of subdivision (a), which include robbery, an aider and abettor must, at a minimum, have been a "major participant" and have acted "with reckless indifference to human life." (§ 190.2, subd. (d); see *People v. Banks, supra*, 61 Cal.4th at p. 798.)

In *Strong*, the Supreme Court held "[f]indings issued by a jury before *Banks* and *Clark* do not preclude a [petitioner] from making out a prima facie case for relief under Senate Bill [No.] 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Strong, supra*, 13 Cal.5th at p. 710.) Further, our Supreme Court concluded, "*Banks* and *Clark* both substantially clarified the law governing findings under . . . section 190.2, subdivision (d): *Banks* elucidated what it means to be a major participant and, to a lesser extent, what it means to act with reckless indifference to human life, while *Clark* further refined the reckless indifference inquiry." (*Id.* at pp. 706-707.) The court concluded these two rulings reflected a significant change in the law and justified the denial of giving preclusive effect to jury findings made before this change in law. (*Id.* at pp. 716-718.)

Under the law that existed at the time of petitioner's conviction, the jury's finding relative to the robbery-murder special circumstance carried with it a conclusion, at a minimum, that defendant was a major participant in the crime who acted with reckless disregard for human life. That finding, however, was made in 2011, well before the Supreme Court's opinions in *Banks* and *Clark*. Following the opinion in *Strong*, this pre-*Clark*/*Banks* jury finding does not preclude petitioner from establishing a prima facie case for relief under section 1172.6. (*Strong, supra*, 13 Cal.5th at p. 710.)

The People thus concede defendant is not barred from relief as a matter of law. We accept their concession.

## III.  DISPOSITION

The order denying the petition is reversed.  The case is remanded to the trial court to allow the trial court to consider whether defendant has made a prima facie case for relief under section 1172.6.

/S/

_____
RENNER, J.

We concur:

/S/

_____
DUARTE, Acting P. J.

/S/

_____
KRAUSE, J.

6